IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-02114-CYC

BENJAMIN MEJIA TREJO,

      Petitioner,

v.

GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and
Customs Enforcement;
JUAN BALTAZAR, Warden, Denver Contract Detention Facility;
MARKWAYNE MULLIN, Secretary, Department of Homeland Security; and
TODD BLANCHE, Acting U.S. Attorney General,

      Respondents.

---

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Benjamin Mejia Trejo, a detainee at the Denver Contract Detention Facility

in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents,

who control that facility, are improperly subjecting him to mandatory detention under 8

U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). Instead, he says, 8 U.S.C. § 1226(a) governs

his detention vel non. Because this is a fundamentally legal debate, there is no need for a

hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court grants in

part the Petition.

## BACKGROUND

This case is one of numerous cases in this District and across the country seeking

habeas relief for immigrants detained within the United States under a new interpretation of 8

U.S.C. §§ 1225, 1226. *E.g., Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL

290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). Among other things, the petitioner seeks release or, in the alternative, a bond hearing at which the United States bears the burden of proof. ECF No. 1 at 24.

The petitioner, a citizen of Mexico, has lived in the United States since he entered in 2006. ECF No. 1 ¶¶ 2, 10, 25. As a result, he had been present in the United States for years before he was taken into custody by Department of Homeland Security ("DHS") officers in April 2026 while attending a fingerprint and biometrics appointment. *Id.* ¶ 27. After he was taken into custody, he successfully moved to rescind an *in absentia* removal order entered on January 22, 2013, ECF No. 1-3 at 1, and his removal case was reopened on April 21, 2026. ECF No. 1 ¶ 27. Despite his removal case being reopened, the respondents have not provided him with an individualized custody hearing, which he argues he is entitled to under 8 U.S.C. § 1226, *id.* ¶¶ 1–5, 28–45, 59, 69–79, and the respondents do not offer any evidence of a criminal history that requires mandatory detention. *See* 8 U.S.C. § 1226(c). Instead, they maintain that he is detained pursuant to 8 U.S.C. § 1225(b). ECF No. 8 at 1–3.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305,

1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

To meet that burden, the petitioner argues that 8 U.S.C. § 1226(a) applies to him, "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination), and that his continued detention premised on 8 U.S.C. § 1225(b)(2)(A) violates his due process rights and the Immigration and Nationality Act. ECF No. 1 at ¶¶ 57–79. The Court has previously resolved this legal question in favor of similarly situated petitioners. *See, e.g., Jimenez Facio*, 2025 WL 3559128, at *1–4. The respondents recognize this, but "respectfully disagree with" the Court's prior rulings. ECF No. 8 at 1. The Court remains firmly convinced that it and other judges in the District who have issued decisions that are in agreement with this Court's prior rulings have correctly decided those cases and incorporates its analysis from *Jimenez Facio*. 2025 WL 3559128, at *1–4. To the extent the respondents contend that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026), makes a difference, *see* ECF No. 8 at 2–3, Judge Sweeney's thorough rebuttal of that divided decision provides a solid foundation to continue to adhere to the weight of authority in this District. *See Singh v. Baltazar*, 819 F. Supp. 3d 1247, 1251–54 (D. Colo. 2026). The respondents also reference the Eighth Circuit's recent decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), and decisions of "a court in this district, and some other district courts . . . [that] have agreed with [their] interpretation of the statute." ECF No. 8 at 2. But they present no argument why these non-binding decisions require the Court to reverse itself

on this legal question. What is more, the respondents ignore decisions recently issued by the

Second, Sixth, and Eleventh Circuits that support this Court's prior analyses and conclusions on

the question before the Court in this case: namely, whether the petitioner is detained under

§ 1225(b) or § 1226(a). *See Lopez-Campos v. Raycraft*, --- F.4th ----, 2026 WL 1283891 (6th Cir.

May 11, 2026); *Hernandez Alvarez v. Warden, Fed. Detention Ctr. Miami*, --- F.4th ----, 2026

WL 1243395 (11th Cir. May 6, 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir.

2026). Regardless, as they concede, "until the Tenth Circuit rules on this issue, this Court's prior

ruling on this issue would lead the Court to reach the same result here . . . as the facts of this case

are not materially distinguishable from that case for purposes of the Court's decision on the legal

issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id*. at

3. And having reviewed all of the relevant authority, the Court finds no reason to reverse itself.

Accordingly, the Court finds that the petitioner is detained pursuant to 8 U.S.C. § 1226,

and his continued detention without a bond hearing is therefore a violation of due process.

Turning to the question of the appropriate relief, the Court finds that the petitioner is

entitled to a bond hearing, but not immediate release. While the petitioner argues that release is

the appropriate remedy, he acknowledges the possibility of this alternative relief. ECF No. 1 at

24. Given that the Court has concluded that § 1226(a) governs his detention and that statute

contemplates a bond hearing before an immigration judge, the Court will order that such a

hearing be held within seven days of this order. The Court agrees with the petitioner that the

government must bear the burden of proof at the bond hearing. *Id*. For the reasons articulated in

*Kuzmic v. Baltasar*, No. 26-cv-00577-CYC, 2026 WL 1291853, at *1–5 (D. Colo. May 12,

4

2026), at the bond hearing, the government will bear the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part**.

It is further ORDERED that

(1) the respondents shall provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with the government bearing the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence, within **seven days** of this Order;

(2) the respondents are **ENJOINED** from denying bond to the petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A);

(3) the respondents shall file a status report within **seven days** of the petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial; and

(4) if the petitioner believes he has a good faith basis to file a petition requesting attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), he may file his petition in accordance with the deadlines and requirements set by the EAJA, 28 U.S.C. § 2412(d)(1)(A)–(B); *see Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (holding that a court may award fees under the EAJA in habeas actions challenging immigration detention); *Morales Lopez v. Baltazar*, No. 25-cv-03078-WJM-KAS, 2026 WL 1492602 (D. Colo. May 28, 2026) (granting in part motion for

5

EAJA fees and costs), that complies with the Local Rules of this District. *See*

D.C.COLO.LCivR 54.3.

Entered and dated this 29th day of May, 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

6